**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*  )<br>)<br>Plaintiffs,  )<br>)<br>v.  )<br>)<br>THE CITY OF GARY, INDIANA, *et al.*  )<br>)<br>Defendants.  ) | Case No. 2:16-cv-512-PPS-AZ |

| | |
|---|---|
| THE CITY OF GARY, INDIANA, *et al.*  )<br>)<br>Plaintiffs,  )<br>)<br>v.  )<br>)<br>CITY OF LAKE STATION, INDIANA,  )<br>*et al*.  )<br>Defendants.  ) | Case No. 2:25-cv-21-PPS-AZ |

**OPINION AND ORDER**

This matter is before the Court on the City of Gary, Indiana's and Gary Sanitary District's (collectively, the "Gary Entities") Motion to Consolidate Actions [DE 66], filed on April 21, 2025. The Gary Entities requests that Case No. 2:25-cv-21, a lawsuit that the Gary Entities filed against the City of Lake Station, Indiana; the City of Hobart, Indiana; and the Merrillville Conservancy District (collectively, the "Customer Municipalities") be consolidated with Case No. 2:16-cv-512, an earlier filed case brought by the United States and the State of Indiana against the Gary Entities. In its motion, the Gary Entities state that the United States and State of Indiana do

not oppose consolidation, but that the Customer Municipalities object to consolidation. On April 30, 2025, the Court ordered the Customer Municipalities to respond to the motion, and the Customer Municipalities responded May 5, 2025. *See* Case No. 2:25-cv-21 at DE 32, 33. For the reasons discussed, the Court will grant the Gary Entities' motion.

## Background

In 2016, the United States and the State of Indiana sued the Gary Entities for violations of the Clean Water Act in Case No. 2:16-cv-512. That matter was resolved with a consent decree which was approved by the Court on March 19, 2018. *See generally* Case No. 2:16-cv-512 at DE 41. The consent decree requires the Gary Entities take necessary steps to comply with the Clean Water Act and Indiana state laws, including by completing and paying for various upgrades and projects to address sewer overflow issues. The Court retained jurisdiction of that case for purposes of resolving disputes under the consent decree, modifying the consent decree, and "effectuating or enforcing compliance with the terms" of the consent decree. *Id.* at ¶ 115.

The Customer Municipalities are cities and municipal entities which border the City of Gary and contract with the Gary Entities for treatment of wastewater. On November 26, 2024, the Customer Municipalities filed a petition with the Indiana Regulatory Commission seeking a review of whether the new (and higher) rates and charges proposed by the Gary Entities are warranted and reasonable under Indiana law. *See* Case No. 2:25-cv-21 at DE 33 ¶ 5. On January 25, 2025, the Gary Entities

filed a declaratory judgment action in this Court against the Customer Municipalities seeking, among other relief, a judgment that the consent decree "requires [the Gary Entities] to raise raises on all users, including [the Customer Municipalities]." Case No. 2:25-cv-21 at DE 1 ¶ 14.

On March 24, 2025, the Customer Municipalities moved to dismiss the Gary Entities' declaratory judgment action arguing, *inter alia*, that the Court lacks subject matter jurisdiction over the dispute. *See* Case No. 2:25-cv-21 at DE 23 and 24. The Gary Entities in turn moved to consolidate the declaratory judgment action with the earlier consent decree case. While the motion to dismiss remains pending, the motion to consolidate is ripe for resolution.

## Discussion

Federal Rule of Civil Procedure 42(a) provides that "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." Fed. R. Civ. P. 42(a)(2); *Star Ins. Co. v. Risk Mktg. Grp. Inc.,* 561 F.3d 656, 660 (7th Cir. 2009) ("A district court may consolidate actions that involve a common question of law or fact."). The decision whether to consolidate is left to the discretion of the district court. *Id.*; *see also Connecticut Gen. Life Ins. Co. v. Sun Life Assur. Co. of Canada*, 210 F.3d 771, 774 (7th Cir. 2000) (stating that courts may consolidate cases "whether or not the parties want the cases consolidated"). "[C]onsolidation is appropriate for 'cases that share the same questions of law or fact and where consolidation would not result in prejudice to any party.'" *Holiday v. Atl. Richfield Co.*, 2021 WL 8015991, at *1 (N.D. Ind. May 26, 2021) (quoting *Back v. Carter*, 933 F.

3

Supp. 738, 748 (N.D. Ind. 1996)). Courts "consider such factors as judicial economy, avoiding delay, and avoiding inconsistent or conflicting results" as well as "the possibility of juror confusion or administrative difficulties." *Habitat Educ. Ctr., Inc. v. Kimbell*, 250 F.R.D. 390, 394 (E.D. Wis. 2008). Importantly, however, consolidation of cases is merely an administrative matter to promote efficiency and does not "completely merge[] the constituent cases into one." *Hall v. Hall*, 584 U.S. 59, 67 (2018) ("From the outset, we understood consolidation not as completely merging the constituent cases into one, but instead as enabling more efficient case management while preserving the distinct identities of the cases and the rights of the separate parties in them.") (discussing history of consolidation as a procedural mechanism in England and early American jurisprudence).

The Gary Entities argue that consolidation is warranted because the two cases necessarily involve common questions of law and fact relating to the Gary Entities ability to comply with the consent decree. *See* Case No. 2:16-cv-512 at DE 66 ¶ 9. The Gary Entities further contend that any decision regarding their dispute with the Customer Municipalities could conflict with the terms of or their ability to comply with the consent decree. In support of their arguments, they heavily rely on two cases from the Southern District of Ohio where courts granted consolidation of later filed cases because their resolution could conflict with the terms of consent decrees to which had been previously entered. *See United States v. Bd. Of Comm'rs of Hamilton Cnty.*, 2009 WL 1546384, at *2 (S.D. Ohio, Jun. 3, 2009); *Sweeny v. City of Steubenville*, 147 F. Supp. 827, 878 (S.D. Ohio 2011). While these decisions are not

4

binding on the Court, they illustrate why consolidation is appropriate in these circumstances.

The Customer Municipalities see things differently. They emphasize that they were not parties to the original lawsuit or the consent decree. *See* Case No. 2:25-cv-21 at DE 33 ¶¶ 3-4. But that is beside the point. The Customer Municipalities cite no authority that stands for the proposition that an identity of parties is necessary for consolidation. Instead, the decision whether to consolidate hinges on the existence of at least one "common question of law or fact" and questions of judicial economy. Fed. R. Civ. Pro. 42(a)(2); *Star Ins.,* 561 F.3d at 660. On the salient topic of common issues, the Customer Municipalities concede that that the declaratory judgment action "relates solely to the [Gary Entities'] ability to raise rates to achieve compliance with the Consent Decree." Case No. 2:25-cv-21 at DE 33 ¶ 11. The Court therefore finds that the cases involve common issues of law and fact relating to compliance and the scope of the consent decree.

The Customer Municipalities have likewise not made a showing that they would be prejudiced by consolidation with the consent decree case. Indeed, the word "prejudice" does not appear in their opposition brief. *See generally* Case No. 2:25-cv-21 at DE 33. The Customer Municipalities focus on arguments raised in their motion to dismiss regarding the Court's subject matter jurisdiction over their dispute with the Gary Entities. *Id.* at ¶¶ 8-9. But those arguments are immaterial to the issue of consolidation. Consolidation is a purely administrative matter; it cannot create federal subject matter jurisdiction over the dispute between the Gary Entities and

the Customer Municipalities. *Cella v. Togum Constructeur Ensembleier en Industrie Alimentaire*, 173 F.3d 909, 912 (3d Cir. 1999) ("[C]onsolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another.") (quoting *Johnson v. Manhattan R. Co.,* 289 U.S. 479, 496–97 (1933)); *U.S. for Use of Owens-Corning Fiberglass Corp. v. Brandt Const. Co.,* 826 F.2d 643, 647 (7th Cir. 1987) (holding that a district court cannot acquire subject matter jurisdiction over an improperly removed case through consolidation). In any event, whether federal subject matter jurisdiction exists over the dispute between the Gary Entities and the Customer Municipalities is a question for another day. If the Court finds no jurisdiction exists, then the case will be dismissed.

      Finally, judicially economy would be served by consolidation. As stated above, what happens in the declaratory judgment action impacts the enforcement and compliance with the consent decree. Given the Court's ongoing jurisdiction over the consent decree, putting these matters under the same case docket avoids inconsistent rulings and ensures that all interested stakeholders can weigh in as necessary. Admittedly, judicial economy here is something of a non-sequitur because the declaratory judgment matter is pending before the same district court judge and magistrate judge assigned to the consent decree case. But judicial reassignments can and do occur for any number of reasons. Consolidation ensures consistency in the interpretation and administration of the consent decree and will benefit both the Court and the parties.

6

## Conclusion

Accordingly, for the reasons discussed above, the Court hereby **GRANTS** the Gary Entities Motion to Consolidate Actions [DE 66] and **ORDERS** consolidation of Case No. 2:25-cv-21 with Case No. 2:16-cv-512. The Clerk of Court is further **DIRECTED** to reopen Case No. 2:16-cv-512, and all future filings shall be made in Case No. 2:16-cv-512 **only**.

So ORDERED this 22nd day of May 2025.

*/s/ Abizer Zanzi*
MAGISTRATE JUDGE ABIZER ZANZI
UNITED STATES DISTRICT COURT