UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| THE CITY OF GARY, INDIANA, *et al.* ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> CITY OF LAKE STATION, INDIANA, ) <br> *et al.* ) <br> Defendants. ) | Case No. 2:16-cv-512-PPS-AZ <br> Case No. 2:25-cv-21-PPS-AZ |

## **OPINION AND ORDER**

This matter is before the Court on the City of Gary, Indiana's and Gary Sanitary District's (collectively, the "Gary Entities") Motion for Leave to File First Amended Complaint [DE 74], filed on June 3, 2025. The Gary Entities seek leave to file an amended complaint against the City of Lake Station, Indiana; the City of Hobart, Indiana; and the Merrillville Conservancy District (collectively, the "Customer Municipalities"). The Customer Municipalities oppose the motion. For the reasons discussed, the Court will grant the Gary Entities' motion and allow them to file their First Amended Complaint.

**Background**

In 2016, the United States and the State of Indiana sued the Gary Entities for violations of the Clean Water Act. That matter was resolved with a consent decree which was approved by the Court on March 19, 2018. *See generally* DE 41. The consent decree requires the Gary Entities take necessary steps to comply with the Clean Water Act and Indiana state laws, including by completing and paying for

various upgrades and projects to address sewer overflow issues. *Id.* The Court retained jurisdiction of that case for purposes of resolving disputes under the consent decree, modifying the consent decree, and "effectuating or enforcing compliance with the terms" of the consent decree. *Id.* ¶ 115.

The Customer Municipalities are cities and municipal entities that contract with the Gary Entities for treatment of wastewater. On November 26, 2024, the Customer Municipalities filed a petition with the Indiana Regulatory Commission seeking a review of whether the new (and higher) rates and charges proposed by the Gary Entities are warranted and reasonable under Indiana law. *See* Case No. 2:25-cv-21 at DE 33 ¶ 5. On January 25, 2025, the Gary Entities filed a declaratory judgment action in this Court against the Customer Municipalities seeking, among other relief, a judgment that the consent decree "requires [the Gary Entities] to raise rates on all users, including [the Customer Municipalities]." Case No. 2:25-cv-21 at DE 1 ¶ 14.

On May 22, 2025, the Court consolidated the declaratory judgment case with the earlier-filed consent decree case given the common legal and factual questions involved in the case and the interests of judicial economy. *See* DE 68. Prior to consolidation, the Customer Municipalities had moved to moved to dismiss the lawsuit, arguing that the Court lacked jurisdiction over the present dispute and that no case or controversy exists. *See* Case No. 2:25-cv-21 at DE 23, 24. Despite several extensions of time, the Gary Entities have not yet responded to the motion to dismiss. The Gary Entities now seek leave to file a First Amended Complaint.

2

**Discussion**

When a party seeks leave to amend a pleading, the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "[T]his mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Courts maintain broad discretion in this area, but "[a]s a general rule, district courts should liberally grant leave to amend pleadings*." Mulvania v. Sheriff of Rock Island Cnty.*, 850 F.3d 849, 854 (7th Cir. 2017); *see also Duthie v. Matria Healthcare, Inc.*, 254 F.R.D. 90, 94 (N.D. Ill. 2008) ("By its plain terms, the rule reflects a liberal attitude towards the amendment of pleadings—a liberality consistent with and demanded by the preference for deciding cases on the merits."). Leave to amend is "inappropriate where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." *Villa v. City of Chicago*, 924 F.2d 629, 632 (7th Cir. 1991). There is no deadline to seek leave to amend in this case because the Court has not held a scheduling conference with the parties pursuant to Fed. R. Civ. Pro. 16(b) and no schedule has been entered.

In their proposed First Amended Complaint, the Gary Entities do not seek to add new claims or transform the current claims of their declaratory judgment action. Instead, they say the purpose is to address an argument raised by the Customer Municipalities in their motion to dismiss. The Gary Entities have appended hundreds of pages of exhibits to their complaint which "include specific rates that they have determined they must charge to comply with the Consent Decree." DE 74 at ¶ 3. They

3

posit that the amendment "eliminates any doubt that a controversy exists." *Id.* ¶ 4. The Customer Municipalities oppose the amendment almost exclusively on futility grounds, but the Court is not convinced of their arguments.

Allowing amendment is the most prudent course and would not be futile for several reasons. This is the Gary Entities' first attempt to amend their original complaint and there is a "presumption in favor of giving plaintiffs at least one opportunity to amend." *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, 786 F.3d 510, 518 (7th Cir. 2015) (stating that "denying a plaintiff that [first] opportunity carries a high risk of being deemed an abuse of discretion"). As the Seventh Circuit has put it, "cases of clear futility at the outset of a case are rare" and this case is in the early stages. *Id.* Perhaps there is still no case or controversy even under the Gary Entities' expanded First Amended Complaint, and the case should be dismissed. In other words, the amendment may ultimately prove futile. *See Gandhi v. Sitara Cap. Mgmt., LLC*, 721 F.3d 865, 869 (7th Cir. 2013) ("District courts may refuse to entertain a proposed amendment on futility grounds when the new pleading would not survive a motion to dismiss."). But that issue will be better answered by the Court with a more complete complaint and briefing tailored to that more complete complaint, rather than one that has been cabined at the outset on procedural grounds.

In addition to futility, the Customer Municipalities argue that allowing amendment would "delay this Court's consideration of the dispositive issues" raised in their motion to dismiss. DE 75 at 3. While this argument is cast in the mold of promoting judicial efficiency, disallowing amendment now would likely be *less*

4

efficient in the larger context of this case. First, even if the Court were to rule on the pending motion to dismiss the original complaint, there remains the "presumption in favor of giving plaintiffs at least one opportunity to amend." *Runnion*, 786 F.3d at 518.

Second, the Gary Entities say their proposed amendment is designed specifically to address the Customer Municipalities' motion to dismiss argument that there is no justiciable case or controversy. *See* DE 74 at ¶¶ 2-3. If it does—which the Court does not express a view on one way or another—then the Court will not need further briefing on that issue at this time or need to decide the issue. The Customer Municipalities of course may then move again to dismiss by re-raising their subject matter jurisdictions arguments (which the Court imagines will be largely the same and unaffected by the proposed amendment) and re-tooling their arguments regarding a lack of case or controversy in light of the additional allegations concerning specific rates. This further makes sense because regardless of whether the proposed amendment mollifies the standing arguments, "[s]ubject-matter jurisdiction is the first issue in any case," and will need to be addressed by the Court now that it has been called into question. *Miller v. Sw. Airlines Co.*, 926 F.3d 898, 902 (7th Cir. 2019).

## Conclusion

Accordingly, for the reasons discussed above, the Court hereby **GRANTS** the Gary Entities' Motion for Leave to File First Amended Complaint [DE 74]. Defendants' pending Motion to Dismiss in Case No. 2:25-cv-21 [DE 23] is **MOOT**.

The Gary Entities are **ORDERED** to file their First Amended Complaint on or before **July 2, 2025**. The Customer Municipalities are **ORDERED** to answer or otherwise respond to the First Amended Complaint **by July 23, 2025**, and any time to respond to any Fed. R. Civ. Pro. 12 motion will be governed by N.D. Ind. Local Rule 7-1(d)(2).

Finally, as the Court stated, *see* DE 80, given the arguments raised by the Customer Municipalities in their prior motion to dismiss and extensions of time for the Gary Entities to respond to that now-moot motion, the Court is disinclined to extend those deadlines absent a showing of particular good cause.

So ORDERED this 25th day of June 2025.

                                          */s/ Abizer Zanzi*
                                          MAGISTRATE JUDGE ABIZER ZANZI
                                          UNITED STATES DISTRICT COURT